UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ADAM NEIBAUER,

                        Plaintiff,

        v.                                        Case No. 19-cv-944-pp

WISCONSIN DEPARTMENT OF CORRECTIONS,
OSHKOSH CORRECTIONAL INSTITUTION,
and LIEUTENANT LEBOUTON,

                        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING
COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Adam Neibauer, who at the time he filed his complaint was

confined at Oshkosh Correctional Institution[1] and who is representing himself,

filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated

his rights under federal law. This decision resolves the plaintiff's motion for

leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his

complaint, dkt. no. 1.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee
         (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the

plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h).

The PLRA allows the court to give a prisoner plaintiff the ability to proceed with

---

[1] The Wisconsin Department of Corrections Inmate Locator web site shows that
the plaintiff was released to extended supervision on February 25, 2020.
https://appsdoc.wi.gov/lop/detail.do.

1

his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On June 28, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $4.81. Dkt. No. 5. The court received that fee on July 8, 2019. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the **$345.19** balance of the filing fee as he is able.

## II.    Screening the Complaint

### A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

2

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff alleges that on April 13, 2019, defendant Lieutenant Lebouton transported him "from a regular housing unit to restrictive housing, also known as segregation or 'the hole'" after he was placed on temporary lock-up status. Dkt. No. 1 at 2. The plaintiff asserts that he "was not issued his segregation time until April 23, 2019." Id.

According to the plaintiff, another inmate who was placed on temporary lock-up status on the same date as the plaintiff received his segregation time on April 18, 2019. Id. at 2-3. The plaintiff explains that the only difference between him and the other plaintiff was that they had different "'mental health codes (MH)' in the computer system," and that he wasn't allowed to begin serving his disciplinary time until six days later solely due to the "MC code." Id. at 3. The plaintiff alleges that he was "discriminated against and forced to sit in segregation six days longer for no other reason th[a]n his mental health issues." Id.

For relief, the plaintiff asks for "the practice of sitting additional days in segregation on 'temporary lock up' status based solely on your mental health code to stop immediately." Id. at 4. He also asks for damages of $15,000 a day for every day that he spent in segregation "due to discriminatory reasons," for a total of $90,000. Id.

C.    Analysis

The court accepts as true the plaintiff's assertion that the reason he received his segregation decision later than another inmate is because he has mental health issues. His allegations that inmates with mental health issues are treated differently than inmates without mental health issues are sufficient to state a claim for violation of his equal protection rights under the Fourteenth Amendment. The evidence may show that the plaintiff received his segregation time later for a different reason, but at the screening stage, the court must "accept as true all facts alleged in the complaint and draw all reasonable

4

inferences from them in the plaintiff's favor." <u>Kimmons v. Waupun Property Staff</u>, 1 Fed. App'x 496, 498 (7th Cir. 2001).

"Where disparate treatment is not based on a suspect class and does not affect a fundamental right, prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest." <u>Flynn v. Thatcher</u>, 819 F.3d 990, 991 (7th Cir. 2016). "[T]he disabled are not a suspect or quasi-suspect class," <u>U.S. v. Harris</u>, 197 F.3d 870, 876 (7th Cir. 1999), and the plaintiff has "no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purpose," <u>Townsend v. Fuchs</u>, 522 F.3d 765, 771 (7th Cir. 2008) (citations omitted). Accordingly, the rational basis test applies to the plaintiff's claim.

Although the court finds that the plaintiff states a claim, he cannot proceed on that claim against all the defendants he has named. The plaintiff has sued the Wisconsin Department of Corrections and Oshkosh Correctional Institution as two of the defendants. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." <u>Johnson v. Supreme Court of Ill.</u>, 165 F.3d 1140, 1141 (7th Cir. 1999) (citations omitted). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." <u>Andreola v. Wisconsin</u>, 171 F. App'x 514, 515 (7th Cir. 2006). Oshkosh Correctional Institution is one of several institutions within the Department of Corrections. Because neither it nor the Department of

5

Corrections is a "person" subject to suit under §1983, the court will dismiss them as defendants.

The plaintiff also has sued Lieutenant Lebouton. It appears that Lebouton's only role may have been to transport the plaintiff to temporary lockup. The plaintiff does not allege that Lebouton issued the segregation times or that he created or enforced a policy or practice requiring that inmates with mental health conditions be held in temporary lockup longer than inmates without mental health conditions. Section 1983 requires that an individual be personally involved in the alleged constitutional violation in order to be held liable. Colbert v. City of Chi., 851 F.3d 649, 657 (7th Cir. 2017). Lebouton can be held liable only if he was directly involved in giving the plaintiff a later segregation time because of his mental health condition. Because Lebouton's role is not entirely clear, the court will leave him as a defendant for now.

After Lebouton has an opportunity to respond to the complaint, the court will enter a scheduling order setting deadlines for completing discovery and filing dispositive motions. After the court enters the scheduling order, the plaintiff may serve discovery requests on Lebouton (i.e., he may ask written questions and request documents to get information that will help him prove his claims).

After the plaintiff gets more information about what happened, he may discover that someone other than Lebouton (or in addition to Lebouton) was responsible for the alleged harm. If so, the plaintiff may file a motion asking for

permission to amend the complaint to name the additional or correct defendant(s).

If the plaintiff moves to amend his complaint, he must comply with Civil Local Rule 15 (E.D. Wis.), which requires plaintiffs to identify the differences between their original and proposed amended complaints and to attach their proposed amended complaint to their motion. The court advises the plaintiff that an amended complaint replaces prior complaints, so the amended complaint must include all the plaintiff's allegations against all the people he wants to sue. When an amended complaint becomes the operative complaint in a case, it is as if the plaintiff never filed the prior complaint.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** the Wisconsin Department of Corrections and Oshkosh Correctional Institution as defendants.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Lieutenant Lebouton. Under the informal service agreement, the court **ORDERS** Lebouton to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff must submit all correspondence and case filings to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 29th day of July, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

8